**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RAY ANTHONY MILES,

*Plaintiff,*

vs.

STATE OF KANSAS, ET AL.,

*Defendant.*

Case No. 11-4180-EFM

**MEMORANDUM AND ORDER**

In this Motion to Dismiss (Doc. 11), presumed Defendants the State of Kansas, the Kansas Highway Patrol, the Kansas Capitol Police, two unnamed Kansas Highway Patrol officers, and three unnamed Capitol Police officers[1] ask this Court to dismiss the Plaintiff Ray Anthony Miles's pro se, *in forma pauperis*, complaint on numerous grounds. The complaint alleges that Defendants deprived Plaintiff of his civil rights when state officers removed him from the Kansas Judicial Center and prevented him from checking the status of a case against him that was pending appeal. The Court grants dismissal of all claims because (1) Defendants are immune from suit under the Eleventh Amendment, and (2) the facts alleged in the complaint do not constitute a violation of Miles's federal rights. The Court also grants Defendants' request

[1] The only named defendant in this case is the State of Kansas. As discussed *infra*, however, liberal construction of the pro se plaintiff's complaint assumes he intended to name all of the aforementioned agencies and individuals as defendants in this action.

to deny amendment of the complaint because Miles cannot prove a deprivation of his rights based on the facts alleged.

## I. Factual and Procedural Background

Liberal construction of Plaintiff Ray Anthony Miles's pro se complaint sets forth the following allegations and arguments.[2] Sometime prior to the events underlying the complaint, Miles was convicted of assault and battery against a law enforcement officer and subsequently appealed his conviction.[3] Miles visited the Kansas Judicial Center on November 16, 2011, to check the status of his appellate case. Miles alleges that he was unable to access his case information because two Kansas Highway Patrol officers and one Capitol Police officer told Miles to leave without offering a reason for his removal. The next day, Miles returned to the Judicial Center to check on his case, but two Capitol Police officers allegedly prevented him from going to the office of the Clerk of Court. As a result, Miles brought this pro se suit claiming that the officers deprived Miles of his civil rights, which the Court construes to be a claim for relief under 42 U.S.C. § 1983.[4]

In his complaint, Miles named only the State of Kansas as the defendant. Based on the allegations above, and out of an abundance of caution, the Court will assume that Miles intended

---

[2] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").

[3] The Court takes judicial notice of the appellate case *State v. Miles*, 2011 WL 6311106 (Kan. Ct. App. Dec. 2, 2011), which affirmed Miles's conviction of assault and battery of a highway patrol officer while inside the office of the Kansas Attorney General. *See* Fed. R. Evid. 201(b) (permitting a court to judicially notice an undisputed fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); *see also Hutchinson v. Hahn*, 402 Fed. App'x 391, 394–95 (10th Cir. 2010) (citing *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[A] court may take judicial notice of its own records as well of those of other courts, particularly in closely-related cases.").

[4] It is unclear from the complaint whether Miles is arguing that he was deprived of his civil rights when he was removed from the Judicial Center or when he was not permitted to access his case information. Out of an abundance of caution, the Court will address both issues in its analysis below.

to name the following parties as defendants to the suit: the State of Kansas, the Kansas Highway Patrol, the Kansas Capitol Police, the two Kansas Highway Patrol officers who removed Miles from the Judicial Center, and the three Capitol Police officers who removed Miles from the Judicial Center.[5] Miles's complaint demands (1) that he be "left the fuck alon[e]" and (2) $100,000,000 in punitive damages "because they keep breaking the law and doing it like they don't have to respect other people right [sic]."[6]

Defendants now move to dismiss Miles's complaint on the following grounds. Defendants first argue that this Court does not have jurisdiction over the state, the Kansas Highway Patrol, or the Capitol Police because those parties are not "persons" as that term is used in 42 U.S.C. § 1983. In the alternative, Defendants argue that the Court lacks jurisdiction over the aforementioned parties because they are immune from suit under the Eleventh Amendment. Second, to the extent Miles's request for relief triggers an exception to sovereign immunity under *Ex parte Young*,[7] Defendants argue that Miles's complaint must be dismissed under either Rule 12(b)(6) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Finally, Defendants ask that the Court dismiss the complaint with prejudice because affording Miles an opportunity to amend the complaint

[5] Miles wrote the "State of Kansas" as the defendant party in the case caption of his form pro se complaint, and wrote "Kansas Highway Patrol" in the section of the form for naming defendants; but the body of Miles's complaint alleged that two Highway Patrol officers and three Capitol Police officers ("the state officers") actually removed him from the Judicial Center. The Court construes that Miles intends to sue all parties mentioned in the complaint. *See Trackwell v. United States Gov't*, 472 F.3d 1242, 1243–44 (10th Cir. 2007) ("[I]n a pro se case . . . when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are.").

[6] Doc. 1, p. 4. Miles's complaint also asks that he "have the right to justice and be not deprive[d] of [his] civil right[s]." *Id.* These rights are guaranteed to Miles under the Constitution and laws of the United States. Because Miles gives no indication of any specific deprivation of those rights, or any remedial action that would further ensure and protect these rights, the Court can grant no further relief. Instead, the Court will read this portion of Miles's complaint as an indication of the type of lawsuit Miles wishes to pursue: a § 1983 claim.

[7] 209 U.S. 123 (1908).

would not remedy the substantive defects in his pleadings. Miles did not file a response to Defendants' motion.

## II. Analysis

As mentioned above, the Court liberally construes Miles's complaint—without advocating legal arguments on his behalf—as an action brought under 42 U.S.C. § 1983 against the State of Kansas, the Kansas Highway Patrol, the Kansas Capitol Police, and the individual officers involved in the altercation with Miles. The Court agrees with Defendants' arguments that the complaint must be dismissed because (1) most of the aforementioned parties are immune from suit under the Eleventh Amendment, and (2) Miles's *in forma pauperis* complaint fails to state a claim upon which relief can be granted. The Court will address each issue in turn.

### A. The State of Kansas, the Kansas Highway Patrol, and the Capitol Police have sovereign immunity under the Eleventh Amendment.

Federal courts are courts of limited jurisdiction, and must have a statutory or constitutional basis to exercise jurisdiction.[8] Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for the dismissal of any claim over which the court lacks jurisdiction. The Eleventh Amendment bars private citizens from bringing suit against a state in federal court, unless the state waives or Congress unequivocally abrogates the state's immunity.[9] The Eleventh Amendment, therefore, acts a jurisdictional bar prohibiting a federal court from hearing claims against a party immune from suit.[10]

---

[8] *See* U.S. Const. art. III; *Sheldon v. Sill*, 49 U.S. 441, 448–49 (1850).

[9] *See* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, (1890) (interpreting the Eleventh Amendment as implicitly recognizing the doctrine of sovereign immunity, and also barring suits against a state by the state's own citizen); *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).

[10] *See Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that a party could raise an Eleventh Amendment defense on appeal because the defense "sufficiently partakes of the nature of a jurisdictional bar").

Turning to Miles's complaint, the State of Kansas is undoubtedly immune from suit under the Eleventh Amendment. The state has not waived its immunity;[11] and, assuming Miles intends to bring his claim under 42 U.S.C. § 1983, Congress has not abrogated states' immunity from such claims.[12] Therefore, the Court does not have jurisdiction over Miles's claims against the State of Kansas.

The Kansas Highway Patrol and Capitol Police also have immunity from suit under the Eleventh Amendment. The Supreme Court has expanded the protections of the Eleventh Amendment to include any state agency that, if found liable, would have to reimburse the plaintiff using public funds in the state treasury.[13] The Court noted that in such instances, the effects of a plaintiff's verdict would be indistinguishable from a suit naming the state as the defendant.[14] Therefore, as the Tenth Circuit has stated, sovereign immunity must extend to both the state and agencies that operate as "an 'arm' of the state."[15] Here, the Kansas Highway Patrol—which includes the Capitol Police[16]—was created through legislative action and is

[11] *See* Kan. Stat. Ann. §§ 75-6101 et seq.; *Ndefru v. Kan. State Univ.*, 814 F.Supp. 54, 56 (D. Kan. 1993) (noting that unlike other states, "[Kansas] has not waived its Eleventh Amendment immunity from suit in federal court by enactment of the Kansas Tort Claims Act").

[12] *See Edelman*, 415 U.S. at 675–77; *Ndefru*, 814 F. Supp. at 55 (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)) ("Congressional enactment of 42 U.S.C. § 1983 did not abrogate states' Eleventh Amendment immunity.").

[13] *Edelman*, 415 U.S. at 663 ("[T]he rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

[14] *Id.* at 668.

[15] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180–81 (10th Cir. 2002) ("To assert Eleventh Amendment immunity, a defendant must qualify as a state or an 'arm' of a state.").

[16] Kan. Stat. Ann. § 74-2105(b) ("[T]he superintendent of the highway patrol shall supervise and manage the capitol police."); *id.* § 75-4503(a) ("There is hereby created the capitol police which shall be under the supervision and management of the superintendent of the highway patrol.").

funded by the state treasury.[17] For that reason, the Eleventh Amendment bars the Court from hearing Miles's claims against the Kansas Highway Patrol and the Capitol Police.

Moreover, to the extent Plaintiff seeks monetary damages against any of the state officers in their official capacities, such claims are barred by the Eleventh Amendment. Like state agencies, state officers acting in accordance with their official duties are essentially an extension of the state, and a judgment for damages against the official would be collected from the state.[18] Consequently, the Court does not have jurisdiction over Miles's claim for $100,000,000 to the extent that claim includes the state officers who were acting in their official capacities when they removed Miles from the courthouse.

In sum, the jurisdictional bar of the Eleventh Amendment prohibits this Court from adjudicating Miles's claims against the State of Kansas, the Kansas Highway Patrol, the Kansas Capitol Police, and claims for $100,000,000 against the state officers in their official capacity. The Court therefore grants Defendants' motion to dismiss those claims under Fed. R. Civ. P. Rule 12(b)(1).

### B. The Court must dismiss any remaining claims against the state officers pursuant to 28 U.S.C. § 1915(d) because Miles's *in forma pauperis* complaint fails to state a claim for which relief can be granted.

Liberally construing Miles's complaint and interpreting his request to be left alone as a prayer for injunctive relief, two claims survive the jurisdictional bar of the Eleventh Amendment: (1) any claims seeking prospective injunctive relief against the state officers in their official

---

[17] *See generally* Kan. Stat. Ann. §§ 74-2105 et seq.

[18] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (Internal citation omitted.)); *Ruiz*, 299 F.3d at 1180 (holding that the director of the Colorado Department of Human Services who was sued in her official capacity was entitled to sovereign immunity because she was acting as an arm of the state at the time she performed the allegedly tortious acts).

capacities,[19] and (2) claims against the state officers in their individual capacities for both damages and injunctive relief.[20] But the Court must dismiss these claims because Miles failed to present sufficient facts to establish a claim for which relief can be granted.

*In forma pauperis* complaints are governed by 28 U.S.C. § 1915. That statute includes a provision that requires the Court to dismiss a complaint at any time if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[21] Unlike the standard for dismissal under Fed. R. Civ. P. Rule 12(b)(6), dismissal of an *in forma pauperis* complaint under § 1915 is improper when a plaintiff states as little as an *arguable* claim for relief, even if the legal basis underlying the claim fails.[22] Accordingly, the Court may dismiss a claim under § 1915 "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[23] Furthermore, the Court may dismiss the claim with prejudice if it concludes that permitting the plaintiff time to amend the complaint would not remedy the defects in the plaintiff's suit. If a proposed amendment

---

[19] *See generally Ex parte Young*, 209 U.S. 123 (1908) (holding that the Eleventh Amendment does not bar suits against state actors for injunctive relief because preventing a state official from performing allegedly illegal acts does not infringe upon a state's sovereignty).

[20] *See generally Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding that the Eleventh Amendment does not bar suits against state actors when the action "seeks to impose individual liability upon a government officer for actions taken under color of law").

[21] 28 U.S.C. § 1915(e)(2)(B)(ii).

[22] *McKinney v. State of Okl., Dept. of Human Services, Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)).

[23] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

cannot withstand a motion to dismiss or will otherwise fail to state a claim when it is drafted, then amendment is futile and dismissal with prejudice is proper.[24]

To consider whether Miles can prevail on the facts he has alleged, the Court must look at the underlying claims alleged in the complaint. Miles's claims appear to be alleged violations of 42 U.S.C. § 1983. Section 1983 provides a cause of action against every "person" who, under color of law, deprives the plaintiff of rights secured by the Constitution and laws of the United States.[25] According to the Tenth Circuit, when the Court dismisses an *in forma pauperis* § 1983 complaint pursuant to § 1915 for failure to allege a deprivation of any federally-protected right, the suit should be dismissed with prejudice.[26]

Here, the Court must grant Defendants' motion to dismiss with prejudice because Miles's complaint has not properly alleged, and a proposed amendment cannot show, a deprivation of Miles's federal rights under § 1983. First, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."[27] Consequently, none of the parties named or implied in Miles's suit can be held liable for actions taken as a part of their official duties. The Kansas Highway Patrol and Capitol Police have authority to enforce Kansas state laws and maintain security within the capitol complex.[28] As long as the officers did not maliciously injure or have some underlying illegal reason for removing Miles from the

---

24 *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990).

25 42 U.S.C. § 1983.

26 *See Quintana v. Johnson*, 36 F. App'x 351, 353 (10th Cir. 2002) (rejecting opportunity for amendment where plaintiff only alleged a violation of a state protected right and not a federally protected right); see *also Gaines v. Stenseng*, 292 F.3d 1222, 1226 (10th Cir. 2002) (finding amendment futile where future amended complaint would likely fail to satisfy a violation of due process under § 1983).

27 *Will*, 491 U.S. at 71.

28 *See* Kan. Stat. Ann. § 74-2105; *id.* §§ 75-4503, 4514.

Judicial Center, their actions fall within the scope of their official duties and therefore cannot form the basis of a § 1983 lawsuit.

Additionally, the complaint does not allude to any facts that might suggest Miles was deprived of any rights guaranteed to him under the Constitution or federal laws. Removing Miles from the Judicial Center does not support a § 1983 claim because Miles did not have a federally-protected right to be present in the Judicial Center.[29] Second, although the First Amendment provides the right to access certain public documents,[30] Miles has not alleged that he was ever deprived access to any documents or public information. Despite his removal from the Judicial Center and inability to speak with the Clerk of Court, Miles could still obtain information regarding his pending appeal for free online or over the phone.[31] Finally, Miles has not asserted a cognizable claim that Defendants violated his Fourth Amendment right to be free from an unreasonable seizure because the complaint contains no allegation that the state officers detained or took custody of Miles.[32] Furthermore, the Court finds that providing Miles time to amend his complaint to include more specific allegations would not cure the jurisdictional and substantive defects. Therefore, Miles's complaint must be dismissed under § 1915, and the Court will grant Defendants' request to dismiss with prejudice.

---

[29] *See United States v. Kokinda*, 497 U.S. 720, 725 (1990) ("The Government's ownership of property does not automatically open that property to the public.").

[30] *See United States v. McVeigh*, 119 F.3d 806, 812 (10th Cir. 1997) (finding that there is a right of access under the First Amendment that applies to certain types of court documents).

[31] The Court takes judicial notice of the fact that information about cases pending before the Kansas Court of Appeals is freely available via the Internet or over the phone, as provided at www.kscourts.org/appellate-clerk.

[32] *See generally United States v. Place*, 462 U.S. 696 (1983) (discussing detention as applied to Fourth Amendment principles of search and seizure).

**IT IS ACCORDINGLY ORDERED** this 15th day of August, 2012, that Defendants' Motion to Dismiss (Doc. 11) is hereby GRANTED. Plaintiff's complaint is dismissed in its entirety with prejudice.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE